## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER HUYNH, individually and on behalf
of all others similarly situated,

    *Plaintiff*,

vs.

AMERICAN 1ST FUNDS INC,

    *Defendant*.

_____/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    Plaintiff, Christopher Huynh ("Plaintiff"), brings this action against Defendant, AMERICAN 1ST FUNDS INC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.    Defendant is a personal loan and finance company. To promote its products, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products without regards to consumers' rights under the TCPA.

4.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

6.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal office is located in this district, because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the State of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

7.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Bernardino County, California.

8.      Defendant is a company formed in Wyoming and whose principal place of business is located at 3921 ALTON RD, #400, MIAMI BEACH, FL 33140 USA. Defendant directs, markets, and provides its business activities throughout United Stated and the State of Florida.

## FACTS

9.      Beginning in or around early June 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 5958 (the "5958 Number") including but not limited to the following texts below:



12:07

+1 (424) 449-2905

Text Message
Mon, Jun 3 at 11:52 AM

Dear Johnny,

Thrilled to share an exclusive financial opportunity with you! Your notable dedication to on-time payments and the prevailing economic trends make you eligible for:

- Maximum Loan Amount: As high as $34,500
- Estimated Monthly Installment: Around $582.00

Seize this chance to elevate your finances! Discover more by visiting https://www.american1stfunds.com or for a tailored consultation, contact us at 866-610-1493. Please use your Referral Code AFX222380 when inquiring.

Be aware, this special offer is limited and will conclude on June 4th. This message is intended for your eyes only, so we ask that you keep the details to yourself. To unsubscribe, respond with "Stop".

Thank you,
The American 1st Funds Inc Team

Text Message



Hello Johnny,
Big news for your finances! With your solid history of payments and in light of the latest rate decreases, we are excited to propose a personalized account review. Our array of special programs is designed to meet diverse needs.

What you stand to gain:

Name: Johnny Huynh
Address: 14732 Lost Trail Dr Chino Hills CA 91709
Approval for Credit: Maximum of $34,500
Approximate Monthly Repayment: $545.00
Grab this chance while it lasts: https:// www.american1stfunds.com

If you'd like to discuss this or need help, feel free to call us at this line or 877-840-3022, and don't forget your Referral Code AFX222380.
Time is of the essence, as this special promotion ends on June 5th.

Privacy Statement: This email is for the sole use of the intended recipient and contains confidential information. Any unauthorized action involving this message is prohibited. This offer does



10.     Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

11.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting personal loans from Defendant.

12.     The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

13.     Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

14.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

15.     Plaintiff has no existing business relationship with Defendant.

16.     Plaintiff is the subscriber and sole user of the 5958 Number and is financially responsible for phone service to the 5958 Number.

17.     Plaintiff's 5958 Number is his residential telephone number used for personal purposes.

18.     Plaintiff's 5958 Number has been registered with the national do-not-call registry since June 14, 2019, and at all times relevant to this action.

19.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

20.     The text messages originated from telephone numbers 424-449-2905; 424-449-2918; and at least 424-455-6315, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

21.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

22.     Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve his phone and/or look down at the phone to review the message.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

24.     Plaintiff brings this case on behalf of a Class defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

25.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26.     Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

<u>COMMON QUESTIONS OF LAW AND FACT</u>

28.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

   a)   Whether Defendant violated 47 C.F.R. § 64.1200(c);

   b)   Whether Defendant's conduct was knowing and willful;

   c)   Whether Defendant violated the privacy rights of Plaintiff and members of the class;

   d)   Whether Defendant is liable for damages, and the amount of such damages; and

   e)   Whether Defendant should be enjoined from such conduct in the future.

29.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

<u>TYPICALITY</u>

30.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>

31.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

<u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**<u>Violation of the TCPA 47 U.S.C. § 227</u>**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

34.     Plaintiff repeats and re-alleges paragraphs 1 through 33 of this Complaint and incorporates them by reference herein.

35.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

37.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

38.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

39.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

41.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of monetary damages for Plaintiff and each member of the Class;

c)  An order declaring that Defendant's actions, set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e)  Such further and other relief as the Court deems necessary.

<b><u>JURY DEMAND</u></b>

Plaintiff and Class Members hereby demand a trial by jury.

<b><u>DOCUMENT PRESERVATION DEMAND</u></b>

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.


Dated: July 12, 2024

**Shamis & Gentile, P.A.**
<u>/s/ Andrew J. Shamis</u>
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Christopher Berman, Esq.

Florida Bar No. 1010654
cberman@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

*Counsel for Plaintiff and the Class*