## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER HUYNH, individually and on behalf
of all others similarly situated,

                **CLASS ACTION**

              **Case No. 1:24-cv-22668**

  *Plaintiff*,

vs.

AMERICAN 1ST FUNDS, INC.,

  *Defendant.*

_____/

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Christopher Huynh hereby moves this Honorable Court to enter an Order of Final Judgment as to Plaintiff's individual claims, and in support thereof states as follows:

### I.  INTRODUCTION

  1.  Plaintiff filed his Complaint against AMERICAN 1ST FUNDS, INC. ("Defendant") on July 12, 2024 [ECF No. 1] to recover damages caused by Defendant's spam text messages, sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' … In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L Ed 2d 784 (2020). "Being deluged with 'spam' telemarketing phone calls or text messages is the bane of modern life…. One of the purposes of the TCPA was to prevent marketers from using 'autodialing' technology to call phone numbers en masse." *Borden v. eFinancial, LLC, 53 F.4th 1230, 1231 (9th Cir. 2022).* "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the

defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

2.     Due to Defendant's failure to respond or otherwise defend itself in this lawsuit, Plaintiff is entitled to Judgement by Default against Defendant for his individual claims. Plaintiff also seeks leave to conduct class discovery related to the class size and damages. Upon information and belief both Defendant and its text messaging vendor, Sinch America, Inc. have information related to the class size and damages.

## II.     PROCEDURAL HISTORY

3.     On or about July 12, 2024, Plaintiff filed a Class Action Complaint [ECF No. 1] to recover damages caused by Defendant's unsolicited spam text messages, sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.     The Complaint was properly served upon Defendant on July 17, 2024.   [ECF No. 6] attached as **Exhibit 1.**

5.     Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading on or before August 7, 2024.

6.     On August 8, 2024, Plaintiff filed its Motion for Entry of Clerk's Default [ECF No. 7] attached as **Exhibit 2**, which was signed by the Clerk that same day [ECF No. 8] attached as **Exhibit 3**.

7.     On August 12, 2024, this Court entered its Order on Default Final Judgment Procedure, instructing Plaintiff to submit this present Motion for Default Final Judgement on or before August  26, 2024. [ECF No. 14] attached as **Exhibit 4**.

## III.     FACTS

8.     On June 14, 2019, Plaintiff registered his cellular telephone number ending in 5958 (the "5958 Number") with the national do-not-call registry, and has been registered at all times relevant to this action. Complaint at ¶18.

9.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted, nor does Plaintiff have any existing business relationship with Defendant. *Id.*, at ¶'s 14-15.

10.     Beginning on at least June 1, 2024 through at least June 4, 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 5958 (the "5958 Number"). *Id.* at ¶ 11.

11.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e. selling Plaintiff Defendant's personal loans. *Id.*, at ¶ 11.

12.     Plaintiff is the subscriber and sole user of the 5958 Number and is financially responsible for phone service to the 5958 Number. *Id.*, at ¶ 16. Plaintiff is the residential subscriber of the cell phone number 909-265-5958. *See* Declaration of Christopher Huynh at ¶ 8. The text messages originated from telephone numbers 424-455-6268; 424-449-2897; 424-449-2926; 424-449-2905; 424-449-2918; and at least 424-455-6315, numbers which are owned and operated by Defendant or on behalf of Defendant. Complaint, at ¶ 20. *See also* Declaration of Christopher Huynh at ¶10.

13.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Complaint., at ¶ 21. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *Id.*

## IV.    MEMORANDUM OF LAW

14.     Rule 55(a) states that the Clerk shall enter a party's default when the party " . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Defendant had 20 days after being served with the Summons and Complaint to file an answer, a motion permitted by Rule 12, or a motion for an extension of time in which to respond. Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who otherwise could cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." *Fornix Holdings LLC v. Pepin*, 2023 WL 4488976 at *2 (D. Ariz. July 12, 2023), citing 2 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 55, at 119-20 (2020).

15.     The Defendant did not plead or otherwise defend within the 20 day period. Accordingly, pursuant to Rule 55(a) and at Plaintiff's request, the Clerk made an Entry of Default with respect to Defendant. [ECF No. 8]. Upon a party's default and the Clerk's Entry of Default, the Court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2)

16.     The Complaint contains one cause of action, Defendant's violations of the TCPA 47 U.S.C. § 227, as well as five Claims for Relief. With respect to this present Motion, Plaintiff is only moving for judgment with respect to Claim b), "[a]n award of statutory damages for Plaintiff" based on Defendant's violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5) on behalf of himself and the proposed class.

17.     As this is a proposed class action, Plaintiff seeks leave to conduct class discovery related to the class size and damages. This discovery is imperative to determine the class damages and move for class certification. Upon information and belief Defendant used the texting vendor Sinch America, Inc. d/b/a Sinch Voice who will have relevant class-related information.

**A. Defendant's Violations of the TCPA**

18.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed

under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

19.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

20.     Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

C.F.R. § 64.1200(e).

21.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)).

22.     Plaintiff registered his personal telephone number with the national do-not-call registry on June 14, 2019, and has been registered at all times relevant to this action. *See* Declaration of Christopher Huynh at ¶ 9.

23.     Because Plaintiff received more than one text message within in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5). As a result of Defendant's violations of 47 U.S.C. § 227(c)(5),

Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every text message that represents a violation, pursuant to 47 U.S.C. § 227(c)(5). As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, 847 F.3d 1037, 1043 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## V.     CONCLUSION

24.     Pursuant to Rule 55(b)(2), Plaintiff respectfully requests that Default Judgment be entered by the Court against Defendant as to Plaintiff's Claim for Relief as follows:

a. On its Second Claim for Relief, pursuant to Count One, against Defendant for the sum of $9,000.00 (representing statutory damages in the amount of $1,500.00 for each of  the 6 text messages sent to Plaintiff after registered his telephone number on the Do Not Call List) for Defendant's knowing/willful violations of 47 U.S.C. § 227; with post-judgment interest thereon at the applicable federal rate, from the date of judgment until the date the judgment is satisfied; and

b. Plaintiff is also entitled to class discovery in support of his proposed motion to certify a class including but not limited to discovery served directly on Defendant and a subpoena to Sinch America, Inc.

A proposed entry of default judgment by the Court is attached hereto as "**Exhibit 5.**"

Date: August 26, 2024

Respectfully submitted,

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
**SHAMIS & GENTILE P.A.**

14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Defendant via USPS mail at 5830 E 2nd Street, Suite 7000, Casper WY 82609.

**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave., Suite 705
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
Email: efilings@shamisgentile.com

By:     */s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
Florida Bar # 101754

*Counsel for Plaintiff*