UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22668-BLOOM/Elfenbein

CHRISTOPHER HUYNH, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

AMERICAN 1ST FUNDS INC,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFAULT JUDGMENT AGAINST DEFENDANT**

**THIS CAUSE** is before the Court upon Plaintiff, Christopher Huynh's, Motion for Entry of Final Judgment Against Defendant, AMERICAN 1ST FUNDS, INC. ECF No. [10] ("Motion"), filed on August 26, 2024. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion, ECF No. [10], is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff filed his Class Action Complaint against AMERICAN 1ST FUNDS, INC. ("Defendant") on July 12, 2024, to recover damages caused by Defendant's spam text messages, sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See generally* ECF No. [1]. On July 17, 2024, Plaintiff served a copy of the Summons and Complaint on Defendant at its principal place of business. *See* ECF No. [6]. Defendant failed to answer or otherwise respond within the time permitted by Federal Rule of Civil Procedure 12. On August 8,

2024, upon Plaintiff's motion for entry of a clerk's default, ECF No. [7], the Clerk of Court entered a default against Defendant. ECF No. [8].

Upon the Clerk's entry of default against Defendant, the Court issued its Order on Default Final Judgment Procedure instructing Plaintiff to file a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. [9]. Thus, on August 26, 2024, Plaintiff filed the Motion now before the Court, seeking entry of a final judgment of default against Defendant as to Plaintiff's individual claims pursuant to Rule 55, as well as leave to conduct class discovery in aid of execution of the judgment pursuant to Federal Rule of Civil Procedure 69. ECF No. [10]. Defendant did not file a Response.

The Complaint contains one Count: Violations of the TCPA, 47 U.S.C. § 227. Plaintiff's prayer for relief seeks an order certifying a class action, an award of monetary damages, a declaration that the Defendant's actions violate the TCPA and an injunction. Regarding the present Motion, Plaintiff is only seeking "[a]n award of statutory damages for Plaintiff" based on Defendant's violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5), on behalf of himself and the proposed class.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead or otherwise defend a complaint filed against it. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'" (quoting Fed. R. Civ. P. 55(a)). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] However, a defendant's default alone does not require the court to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a default judgment, there must be a sufficient basis in the pleadings to support the entry of judgment. *Id*. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 1007). If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See id.* at 1544. A hearing is not mandatory on the issue of damages if sufficient evidence is submitted to support the claimed damages. *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981

### III.   DISCUSSION

Plaintiff seeks entry of a final judgment of default against Defendant for statutory damages based on violations of the TCPA. ECF No. [10]. In addition, Plaintiff requests leave to conduct discovery to ascertain the class size and damages for purposes of class certification. *Id.* The Court first addresses Plaintiff's individual TCPA claim and then Plaintiff's request to conduct discovery in support of his proposed motion to certify a class.

**A. Plaintiff's Individual TCPA Claims.**

In the Class Action Complaint, Plaintiff alleges Defendant is a Florida-based personal loan and finance company that utilizes aggressive marketing to promote its business. ECF No. [1] at ¶ 3. Beginning in or around early June 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 5958 (the "5958 Number"). *Id.* at ¶ 9. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. *Id.* at ¶ 14. Plaintiff has no existing business relationship with Defendant. *Id.* at ¶ 15. Plaintiff's 5958 Number has been registered with the national do-not-call registry since June 14, 2019, and at all times relevant to this action. *Id.* at ¶ 18. The text messages originated from telephone numbers 424-449-2905; 424-449-2918; and at least 424-455-6315, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant. *Id.* at ¶ 20. Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve his phone and/or look down at the phone to review the message. *Id.* at ¶ 22.

Based on those allegations, Plaintiff filed this lawsuit asserting Defendant violated the TCPA's prohibition on soliciting phone numbers on the DNC Registry. "Upon information and belief" Defendant has sent unsolicited text messages to telephone numbers belonging to thousands

of consumers throughout the United States who are registered on the DNC Registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200. *Id.* ¶ 26.

### i. Liability Under the TCPA

The TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations and provides for damages in the form of either actual monetary loss or $500.00 in statutory damages for each violation, whichever is greater. *See* 47 U.S.C. §§ 227(b)(3)(B), (c)(5); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). "The TCPA does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011) (citing *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008)). If the Court finds that a defendant has willfully or knowingly violated the TCPA, then the Court may, in its discretion, award treble damages. 47 U.S.C. § 227(b)(3).

In Plaintiff's Declaration, ECF No. [11] at ¶ 10, he alleges he received six unsolicited text messages from Defendant to his cellular telephone number which is registered on the DNC Registry. Based on Plaintiff's allegations, which are deemed admitted by virtue of Defendant's default, the Court finds that Plaintiff has sufficiently established his entitlement to recover against Defendant for violations of the TCPA. The Court now turns to assessing whether Plaintiff is entitled to damages under the TCPA.

### ii. Damages Under The TCPA

In his Motion for Final Default Judgment, Plaintiff requests an award of either $500.00 or $1,500.00 for each unsolicited text message, pursuant to the TCPA, plus post-judgment interest at the applicable legal rate until paid in full. ECF No. [10] at 6. *See* 47 U.S.C. § 227(b)(3)(B). Plaintiff fails to explain why he seeks different amounts of damages within his Motion, nor does he cite any

support for his request for "statutory damages in the amount of $1,500.00." ECF No. [10] at ¶ 24(a). Because Plaintiff makes no argument that he suffered actual monetary loss, he is only entitled to $500.00 for each unsolicited text message. *See* 47 U.S.C. § 227 (c)(5).

Plaintiff states he received six unsolicited text messages from Defendant to his cellular telephone number which is registered on the DNC Registry. ECF No. [11] at ¶ 10. Plaintiff includes the six text messages at issue, ECF No. [11] at 6-13, as well as his registration on the Do Not Call Registry, *Id.* at 5. Accordingly, Plaintiff may recover a total of $3,000.00 in damages, which consists of $500.00 for each of Defendant's six unsolicited text messages to Plaintiff's cellular phone in violation of the TCPA.

Where a request for monetary relief is made, the Court may enter judgment without a hearing only if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages. *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005); *see also Adolph Coors*, 777 F.2d at 1543; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Upon review, the Court finds that a hearing is not required to determine the damages award as there is "sufficient evidence in the record to establish Plaintiff's statutory damages pursuant to the TCPA." *Brown v. Care Front Funding*, No. 8:22-CV-2408, 2023 WL 3098355, at *5–6 (M.D. Fla. Apr. 6, 2023) (citing *Jeffery v. E. Asset Servs., LLC*, No. 8:17-cv-1361, 2018 WL 3999663, at *2 (M.D. Fla. July 27, 2018), *report and recommendation adopted*, 2018 WL 3999639 (M.D. Fla. Aug. 21, 2018) (awarding TCPA damages without requiring hearing)).

Because Defendant transmitted six unsolicited text messages to Plaintiff, despite his registration on the DNC Registry, the Court finds Plaintiff is entitled to $3,000.00 and post-judgment interest.

**B. Leave To Conduct Class Certification And Damage-Related Discovery**

Plaintiff summarily states that in addition to a default judgment, it "also seeks leave to conduct class discovery related to the class size and damages. Upon information and belief both Defendant and its text messaging vendor, Sinch America, Inc. have information related to the class size and damages." ECF No. [10] at 2, 4, 6. Plaintiff argues that since Defendant has refused to participate in this case, Plaintiff cannot, without discovery, attempt to demonstrate the elements for certification of a class. *Id.* at 4.

Plaintiff cites no legal basis for why the Court should both award a default judgment against Defendant and compel the case to proceed to discovery against Defendant so Plaintiff can certify a class. Accordingly, the Court denies that request.

However, the Court notes it can grant damages to Christopher Huynh without certifying a class. Absent class certification, named plaintiffs in a class action can still recover damages. *See, e.g.*, *Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 342 (4th Cir. 2006) ("Even on direct review, the courts refusing to award class damages absent formal certification have not invalidated awards to the individual plaintiff in the same judgment.").

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Final Judgment Against Defendant, **ECF No. [10]**, is **GRANTED IN PART** and **DENIED IN PART**.

Case No. 24-cv-22668-BLOOM/Elfenbein

    a. Judgment is entered in favor of Plaintiff and against Defendant in the amount of $3,000.00, with post-judgment interest thereon, at the applicable federal rate, from the date of judgment until the date the judgment is satisfied.

    b. Plaintiff's request for class certification and class discovery is **DENIED**.

2. The Clerk shall **ADMINISTRATIVELY CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 13, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record